# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of SIEMENS BUILDING TECHNOLOGIES, INC. | § § § § | |
| V. | § § | CASE NO. 4:05CV77 (Judge Brown/Judge Bush) |
| GROT, INC., ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Partial Motion to Dismiss Defendant Grot, Inc.'s ("Grot") Counterclaim (Docket #12). Having considered the motion, Grot's response, and Plaintiff's Reply, the Court is of the opinion that Plaintiff's Motion should be granted.

Plaintiff filed its complaint on February 28, 2005 alleging breach of contract against Grot and Travelers Casualty and Surety Company of America for Grot's failure to pay Siemens Building Technologies, Inc. ("Siemens"), who was acting as Grot's subcontractor, in connection with the construction of a Veteran's hospital in Bonham, Texas. Plaintiff's claim against Travelers arises under the Miller Act from Traveler's alleged failure to pay Siemens pursuant to a payment bond obtained by Grot. On May 24, 2005, the defendants filed an answer and Grot filed a counterclaim alleging claims for: (1) breach of contract; (2) negligence; (3) negligent misrepresentation; (4) violation of the duty of good faith and fair dealing; and (5) material misrepresentation.

On June 16, 2005, Plaintiff filed a motion for partial dismissal of Grot's counterclaim. Plaintiff seeks to dismiss Grot's counterclaim for violation of the duty of good faith and fair dealing pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

Furthermore, Plaintiff seeks dismissal of Grot's counterclaims for negligent misrepresentation and material misrepresentation, as the claims fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Grot timely responded, conceding that it has failed to state a claim for violation of the duty of good faith and fair dealing, but arguing, without citing authority, that its fraud-based claims meet the pleading requirements of Rule 9(b). In the alternative, Grot requests leave to amend its counterclaim, and has attached the amended counterclaim to the motion. Finally, in the event that the Court finds Grot's amended counterclaim to be insufficient, Grot requests permission to file yet another amended counterclaim within 10 days of the Court's order. For purposes of this ruling, the Court grants Grot's first motion to amend counterclaim and will consider Grot's amended counterclaim as the live pleading in this case.

Rule 9(b) requires that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). What constitutes particularity differs with the facts of each case, but at a minimum, Rule 9(b) requires specific allegations of the time, place, and contents of the false representation, as well as the identity of the speaker and what was obtained from the representation. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Guildry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992); *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Thus, Rule 9(b) requires a party pleading a fraud-based claim to lay out the "who, what, when, where, and how" of the claim. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir.

1997).

Plaintiff contends that Grot's claims for negligent misrepresentation and material misrepresentation, even as amended, fail to meet the requirements of Rule 9(b). The Court agrees. While Grot, in its amended counterclaim, has referenced Scott McCauley as the speaker of the alleged misrepresentations, Grot has failed to meet the other requirements. As to the negligent misrepresentation claim, Grot has failed to sufficiently allege when the representation was made, where the representation was made, what was said, how the statement constituted a misrepresentation, and to whom the misrepresentation was made. *See Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824 (N.D. Tex. 2001) (dismissing claim for, among other reasons, failing to identify particular person to whom misrepresentation was made). Likewise, while Grot's amended counterclaim for material misrepresentation mentions Scott McCauley and the date February 1, 2002, the counterclaim fails to mention where the misrepresentation was made or to whom the misrepresentation was made. Furthermore, the counterclaim fails to state exactly what was said, how the statement was false or misleading, and fails to state what, specifically, was gained through the misrepresentation. *See Williams*, 112 F.3d at 179. The Court therefore finds that Grot's counterclaims for negligent misrepresentation and material misrepresentation should be dismissed as originally drafted and as amended.

Grot further requests that the Court allow it to amend its counterclaims a second time. The Court finds that to grant such a request would be futile. Rule 9(b) has four purposes: (1) to ensure that Defendants/ Counter-Defendants have sufficient information

3

to formulate defenses; (2) to protect Defendants against frivolous suits; (3) to eliminate fraud actions in which all facts are learned after discovery; and (4) to protect Defendants from undeserved harm to their goodwill and reputations. *U.S. ex rel. Wilkins v. N. Am. Constr. Corp.*, 173 F. Supp. 2d 601, 614 (S.D. Tex. 2001). Grot was given nearly a month after Plaintiff's motion was filed to craft a response and amended counterclaim. Grot failed, at its second bite at the apple, to craft its amended counterclaim properly, even after being put on specific notice of the first counterclaim's deficiencies. While the Court generally allows parties to freely amend their pleadings within the time period set out in the scheduling order, to allow Defendant a third bite at the apple would be contrary to the purposes of Rule 9(b). *Williams*, 112 F.3d at 180 (reversing district court's non-dismissal of case after party was given only one chance to amend). Assuming that Grot is, at this point, able to plead the what, when, where, how, and to whom necessary to sustain its counterclaims, it would clearly be a result of the discovery process. *Williams*, 112 F.3d at 178 ("Directly put, the who, what, when, and where must be laid out *before* access to the discovery process is granted). Furthermore, to require Plaintiff to expend time and resources moving to dismiss Grot's third attempt at fraud-based counterclaims would be unfair, especially in light of the fact that Grot has neither responded to Plaintiff's attack on its amended counterclaims nor cited any authority supporting the particularity of either its first or amended fraud-based counterclaims. The Court finds dismissal with prejudice is appropriate since Grot has been granted an opportunity to re-plead, but has failed to cure all of the relevant defects. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (dismissal with prejudice appropriate where defects are

4

incurable or party has failed to plead with particularity after being granted opportunities to do so).

### **RECOMMENDATION**

Based upon the foregoing, it is the Court's recommendation that Plaintiff's Partial Motion to Dismiss Grot's Counterclaims be GRANTED. The Court further recommends that Grot's counterclaim for Violation of the Duty of Good Faith and Fair Dealing is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6). It is further recommended that Grot's Motion for Leave to File Amended Counterclaim is GRANTED and that the First Amended Counterclaim, attached as Exhibit "A" to Grot's response, shall be the live pleading in this case. It is finally recommended that Grot's amended counterclaims for negligent misrepresentation and material misrepresentation are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 9(b) for Grot's failure to plead with particularity.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985);

*Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

    **SIGNED this 19th day of August, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE